UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAKIROU BOUKOUBONGUE, | Case No.:  26-cv-02491-JO-VET |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| MARKWAYNE MULLIN, et al. | |
| Respondents. | |

For the reasons stated on the record at oral argument on June 4, 2026 (Dkt. 16) and in *Faizi v. Larose*, No. 25-CV-02974-JO-MSB, --- F.Supp.3d ---, 2026 WL 1112035, at *3 (S.D. Cal. Apr. 24, 2026), the Court finds that (1) it has jurisdiction to address Petitioner's challenge to his prolonged immigration detention, and (2) Petitioner's immigration detention without a bond hearing has exceeded constitutional limits.

For the reasons stated in *Mubanga v. Mullin*, No. 26-CV-02565-JO-AHG, Dkt. 21 (S.D. Cal. Jul. 6, 2026), the Court finds that ordering a bond hearing would not sufficiently protect Petitioner's constitutional rights and orders his immediate release.

1

## I.  CONCLUSION

For the reasons stated above, the Court GRANTS the habeas petitions and ORDERS as follows:

1. Respondents shall RELEASE Petitioner by 5 p.m. on July 10, 2026. Respondents shall file an affidavit attesting to Petitioner's release by 5 p.m. on the following business day.

2. The Court ENJOINS Respondents from redetaining Petitioner during the pendency of his removal proceedings without first providing an individualized bond hearing before a neutral immigration judge where the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or such a flight risk that no amount of bond or alternative conditions of release "would suffice to ensure his future appearance." *Hernandez v. Sessions*, 872 F.3d 976, 983 (9th Cir. 2017); *see id.* at 990–91 n.18; *see also Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).  In setting the amount of bond, the immigration judge must consider Petitioner's financial circumstances and alternative conditions of release as set forth in *Hernandez*, 872 F.3d at 990–91.  The immigration judge shall not deny bond on the basis that (i) 8 U.S.C. § 1225(b) requires or authorizes mandatory detention; or (ii) BIA precedent deprives the immigration judge of jurisdiction to decide bond. <u>If requested by Petitioner, Respondents shall produce a transcript or transcription of the recorded bond hearing</u>.

3. Respondents shall file a declaration attesting to full compliance with these obligations.  Respondents are ENJOINED from redetaining Petitioner **until 48**

26-cv-02491-JO-VET

**hours after** filing the declaration.

4.  The Clerk of the Court is directed to close the case.


**IT IS SO ORDERED**.


Dated:  July 9, 2026

_____
Honorable Jinsook Ohta
United States District Judge

26-cv-02491-JO-VET